IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| MELANIE FRAISER, *et al* , | ) |
| | ) |
| **Plaintiffs,** | ) |
| | ) |
| **v.** | ) |
| | ) |
| **BLACKBOARD INSURANCE COMPANY, LLC** *et al*, | ) **CIVIL ACTION NO. 1:19-CV-631-JB-N** |
| | ) |
| | ) |
| **Defendants.** | ) |

**ORDER**

This matter is before the Court on Plaintiffs Melanie Frasier and Batman Express Train, LLC's (collectively "Plaintiffs") Motion to Remand and Brief in Support (Doc. 18, Doc. 19), Defendants Frank Fowlkes ("Fowlkes") and Blackboard Insurance Company, LLC's ("Blackboard") Responses in Opposition (Doc. 25, Doc. 26, Doc. 28, Doc. 29), and Plaintiffs' Reply. (Doc. 27). The Motion is ripe for resolution.

I.      **FACTUAL BACKGROUND**

Plaintiff, Melanie Frasier ("Frasier"), lives in Mobile, Alabama, and operates a restaurant, the Batman Express Train, LLC ("restaurant") with her husband.[1]  Fowlkes, also an Alabama citizen, is an insurance agent at McPherson Insurance. (*Id.* at 38).  On or about October 14, 2018, Frasier contacted Fowlkes to purchase an insurance policy that would replace the restaurant's building, equipment, business personal property, spoilage, debris removal and pay for the loss of business in the event of a fire or other catastrophic event. (Doc. 6-2 at 10).  Fowlkes

---

[1] Frasier's husband is not a party to this action.

1

recommended Frasier purchase a policy from Blackboard and represented the policy would cover all losses for which Frasier desired coverage. (*Id.*).  Plaintiffs contend Fowlkes never visited the restaurant premises to determine whether the Blackboard policy would adequately cover Plaintiffs' potential losses.  (*Id.*).  Frasier, relying on Fowlkes' recommendation, purchased the policy. (*Id.*).[2]  The Blackboard policy had the following coverage limits:

> Building Premises: $100,000;
> Building Personal Property: $100,000 plus 25% seasonal increase;
> Spoilage (equipment breakdown): $50,000;
> Debris Removal: $25,000;
> Business Income: No Limit; and
> Damage to the covered property is at a replacement lost basis

(Doc. 6-2 at 10 – 11).

On April 5, 2019, the restaurant caught fire.  (Doc. 1-1 at 40).  Frasier immediately contacted Fowlkes.  (*Id.*).  On April 8, 2019, Hill Crawford ("Crawford"), an employee of York Risk Services Group Inc., visited the restaurant and instructed Frasier to go through the building and salvage what she could.  (*Id.*).  After Frasier recovered all she could from the restaurant, she contacted Calhoun Contracting Services ("Calhoun") to prepare a loss estimate.  (*Id.*).  Calhoun estimated Plaintiffs' total loss at $296,310.98.  (*Id.*).  Calhoun sent this estimate to Crawford on May 6, 2019.  (*Id.*).  Plaintiffs filed this action in the Mobile County Circuit Court on August 8, 2019.  (Doc. 1-1 at 38, 40 - 43).

Blackboard removed this action on September 11, 2019.  (Doc. 1).  Blackboard filed an Amended and Restated Notice of Removal on September 19, 2019.  (Doc. 6).  In its Amended and

---

[2] In an affidavit attached to her Motion to Remand, Frasier contends that she relied on Fowlkes' recommendation because she had never purchased insurance for business purposes before.  (Doc. 19-1 at 1).

Restated Notice of Removal Blackboard contends this Court has jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. (Doc. 6-1 at 1). Blackboard argues its diversity – it is a Delaware corporation with its principal place of business in New York[3] – and the amount in controversy vest this Court with jurisdiction. Blackboard contends Plaintiffs' claims against Fowlkes have been fraudulently joined in this action because there is no possibility Plaintiffs can prevail on these claims. On this basis, Blackboard contends the citizenship of Fowlkes must not be considered in determining whether this Court has jurisdiction. Plaintiffs object to Defendants' contention that this Court has jurisdiction on the grounds that the Defendants did not unanimously consent to removal when Blackboard removed this case and that Fowlkes' citizenship destroys diversity jurisdiction.

## II.    RELEVANT LAW.

### A.    Fraudulent Joinder.

Title 28 U.S.C. § 1332 provides in pertinent part: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different states." 28 U.S.C. § 1332(a)(1). Thus, for removal to be proper under 28 U.S.C. §1441,[4] the requisite amount in controversy must be met,[5] there must be complete diversity between the parties, and no

---

[3] *See* Doc. 1-1 at 4 – 5.

[4] 28 U.S.C. §1441, provides, in pertinent part: Any civil action of which the district courts have original jurisdiction founded on a claim or right arising under the Constitution, treaties or laws of the United States shall be removable without regard to the citizenship or residence of the parties. Any other such action shall be removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought. 28 U.S.C. §1441(b)

[5] Plaintiff does not deny that the amount in controversy exceeds the jurisdictional amount.

defendant can be a citizen of Alabama.  28 U.S.C. 1441(b).  *See also Fitts v. Griffin*, 304 F. Supp. 2d 1337, 1341 (M.D. Ala. 2004). The Eleventh Circuit has explained that "[i]n light of the federalism and separation of powers concerns implicated by diversity jurisdiction, federal courts are obligated to strictly construe the statutory grant of diversity jurisdiction . . . to 'scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'" *Morrison v. Allstate Indemnity Co.*, 228 F.3d 1255, 1268 (11th Cir. 2000) (citation omitted).

However, the "judicially created doctrine [of fraudulent joinder] . . . provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998).  A fraudulently joined non-diverse defendant does not defeat diversity because his citizenship is not considered and if fraudulent joinder is found, the court "must dismiss the non-diverse defendant and deny any motion to remand the matter back to state court." *Florence v. Crescent Resources, LLC*, 484 F.3d 1293, 1297 (11th Cir. 2007).  The Eleventh Circuit employs a tripartite test for determining whether a defendant has been fraudulently joined, with the removing party bearing the burden of showing that:  1) there is no possibility the plaintiff could establish a cause of action against the resident defendant in state court; 2) the plaintiff fraudulently pleaded jurisdictional facts, or 3) a diverse defendant has been joined with a non-diverse defendant as to whom there is no joint, several or alternative liability and the claim has no real connection to the claim against the non-diverse defendant.  *Triggs*, 154 F.3d at 1287.

Fraudulent joinder exists if "there is no possibility the plaintiff can establish a cause of action against the resident defendant [and] [t]he defendant must make such a showing by clear and convincing evidence." *Henderson v. Washington National Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006).  The removing party bears a "heavy burden" of proving fraudulent joinder.  *Crowe v.*

4

*Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).  If a plaintiff states "even a colorable claim against the resident defendant, joinder is proper and the case should be remanded to state court." *Pacheo de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).  Thus, courts must look to whether "there is any possibility that the state law might impose liability on a resident defendant under the circumstances alleged in the complaint," and if there is such a possibility, the court cannot find that joinder was fraudulent.  *Florence*, 484 F.3d at 1299.  The plaintiff need not have a "winning case," *Triggs*, 154 F.3d at 1287, but the potential to prevail "must be reasonable [and] not merely theoretical." *Legg v. Wyeth*, 428 F.3d 1317, 1325 n.5 (11th Cir. 2005).

Courts may consider "the plaintiff's pleadings at the time of removal, supplemented by any affidavits and deposition transcripts submitted by the parties." *Legg*, 428 F.3d at 1322 (citation omitted).  However, the Eleventh Circuit has cautioned that a district court considering a motion to remand in a fraudulent joinder case must "not weigh the merits of a plaintiff's claim beyond determining whether it is an arguable one under state law." *Crowe*, 113 F.3d at 1538 (citations omitted).  Factual controversies exist "only when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts," and such controversies will be resolved in a manner similar to summary judgment.  *Legg*, 428 F.3d at 1322-1323.  Courts "must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez*, 139 F.3d at 1380.

**B.      Motion to Remand**

On a motion to remand, the party seeking removal bears the burden of establishing federal jurisdiction by a preponderance of evidence.  *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th

Cir. 1996); *Triggs*, 154 F.3d at 1288, n.4; *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1094 (11th Cir. 1994).  Jurisdictional facts supporting removal are judged at the time of the removal.  *Sierminski v. Transouth Fin. Corp.*, 216 F.3d 945, 949 (11th Cir. 2000).  Removal statutes are to be strictly construed against removal and all jurisdictional doubts should be resolved in favor of remand. Burns, 31 F.3d at 1095 (stating that "uncertainties are resolved in favor of remand"); *University of South Alabama v. The American Tobacco Co.*, 168 F.3d 405, 411 (11th Cir. 1999); *Campos v. Sociedad Aeronautica de Medellin Consolidada, S.A.*, 882 F.Supp. 1056, 1057 (S.D. Fla. 1994) (finding that the court "must remand to state court any case that was removed improvidently or without necessary jurisdiction"); *Jerido v. American General Life and Accident Ins. Co.*, 127 F. Supp. 2d 1322, 1324 (M. D. Ala. 2001) (stating that "the Eleventh Circuit favors remand of removed cases where federal jurisdiction is not absolutely clear[]").

**III. DISCUSSION**

Blackboard removed this action on the basis of diversity jurisdiction.  Blackboard maintains that the citizenship of Fowlkes (State of Alabama) is irrelevant since he has been fraudulently joined in order to defeat diversity.  Specifically, Blackboard claims that there is no possibility that Plaintiffs can prove a cause of action against Fowlkes because Plaintiffs were contributorily negligent.

As noted *supra*, the burden on the removing party to prove fraudulent joinder is a heavy one and if there is any possibility that state law might impose liability on a resident defendant under the circumstances alleged in the complaint, then the court cannot find fraudulent joinder. In making this determination, the court must follow the law of the state that controls the substantive issues in the action.  *See Cabalceta*, 883 F.2d 1553, 1562.  In the present case, the

6

undersigned must look to Alabama law to determine whether there is any possibility that Plaintiff

may assert a claim against Fowlkes.

Plaintiffs' Complaint presents such a claim.  Specifically, the Complaint asserts a claim

against Fowlkes for negligently and/or recklessly "failing to ascertain the amount of coverage

needed by Plaintiffs to adequately insure their building and business in an event of loss."  (Doc.

1-1 at 17 at ¶38).  Plaintiffs contend Fowlkes ultimately sold them an insurance policy which was

grossly inadequate for their needs.  (*Id*.).

Blackboard asserts Plaintiffs have no claim against Fowlkes based on Alabama's complete

defense of contributory negligence and asks this Court to find Frasier was contributorily negligent

as a matter of law.  In support of this position, Blackboard and Fowlkes assert "Plaintiffs either

failed to read the policy they agreed to or ignored the explicitly clear terms of the policy

governing coverage for personal and real property damage."  (Doc. 1 at 9; Doc. 25 at 11; Doc 26

at 8).  Plaintiffs, on the other hand, claim they read the insurance policy "but contend that there

was no language in the policy that clearly puts them on notice that they were inadequately

insured because they did not know the types or amounts of coverage that they needed."  (Doc.

27 at 2).

The Alabama Supreme Court's standard for establishing contributory negligence as a

matter of law is well settled:

> The question of contributory negligence is normally one for the
> jury.  However, where the facts are such that all reasonable persons
> must reach the same conclusion, contributory negligence may be
> found as a matter of law. *Brown [v. Piggly–Wiggly Stores*, 454 So.2d
> 1370, 1372 (Ala.1984)]; *see also Carroll v. Deaton, Inc.*, 555 So.2d
> 140, 141 (Ala.1989).

7

> To establish contributory negligence as a matter of law, a defendant seeking a [judgment as a matter of law] must show that the plaintiff put himself in danger's way and that the plaintiff had a conscious appreciation of the danger at the moment the incident occurred. *See H.R.H. Metals, Inc. v. Miller*, 833 So.2d 18 (Ala.2002); *see also Hicks v. Commercial Union Ins. Co.*, 652 So.2d 211, 219 (Ala.1994). The proof required for establishing contributory negligence as a matter of law should be distinguished from an instruction given to a jury when determining whether a plaintiff has been guilty of contributory negligence. A jury determining whether a plaintiff has been guilty of contributory negligence must decide only whether the plaintiff failed to exercise reasonable care. We protect against the inappropriate use of a summary judgment to establish contributory negligence as a matter of law by requiring the defendant on such a motion to establish by undisputed evidence a plaintiff's conscious appreciation of danger. *See H.R.H. Metals, supra.*

*Alfa Life Ins. Corp. v. Colza*, 159 So. 3d 1240, 1248–49 (Ala. 2014) (quoting *Hannah v. Gregg, Bland & Berry, Inc.*, 840 So.2d 839, 860–61 (Ala.2002)).

The facts in the present case are not "such that all reasonable persons must reach the same conclusion." *See id*. There are several significant factual disputes immediately apparent. Plaintiffs contend they actually read the insurance policy that is the subject of this lawsuit while defendants assert plaintiffs either failed to read their policy documents or ignored the "explicitly clear terms of the policy." Plaintiffs also contend there is nothing in the insurance policy documents that would have put them on notice that Fowlkes' selected coverages were inadequate.

Based on the positions of the parties at this early stage of the litigation, the Court finds that all reasonable persons considering this record would not necessarily reach the same conclusion regarding contributory negligence. Accordingly, Blackboard has failed to meet its heavy burden of establishing there is no possible basis for recovery against Fowlkes.

As noted *supra*, in considering a motion to remand, courts do not look to the merits of a plaintiff's claims but rather, make a determination as to whether there is any possibility that a claim could be stated against the defendant in state court. *Triggs*, 154 F.3d at 1287. The Eleventh Circuit has noted that the trial court must be certain of its jurisdiction before "embarking upon a safari" in search of a judgment on the merits. *Crowe*, 113 F.3d at 1538; *Coker*, 709 F.2d at 1440-1441 (providing that a plaintiff need only have a possibility of stating a valid cause of action in order for the joinder to be legitimate). Based on the record before the Court, Plaintiff has that possibility and Blackboard has failed to carry its burden of proving otherwise.

## IV.    CONCLUSION

Construing the removal statute strictly, and resolving all doubts in favor of remand, as it is required to do, the Court finds that Blackboard has not met its burden of showing there is no possibility of Plaintiff recovering against Fowlkes. As such, the Court finds that Fowlkes has not been fraudulently joined and this action must therefore be remanded. Plaintiff's Motion to Remand (Doc. 18) is GRANTED and this case is REMANDED to the Circuit Court of Mobile County, Alabama.

DONE and ORDERED this 5th day of October, 2020.

/s/ JEFFREY U. BEAVERSTOCK
UNITED STATES DISTRICT JUDGE